MATTER OF KING AND FIELDS

In Deportation Proceedings

A-17592503
A-17592504

*Decided by Board August 6, 1968*

Where a native and citizen of Trinidad admitted to the Virgin Islands under a nonimmigrant visa waiver pursuant to 8 CFR 212.1(b), proceeded the same day to the continental United States, neither such waiver under 8 CFR 212.1(b) nor the waiver provisions of 22 CFR 41.5(c) are applicable to her entry to the mainland from the Virgin Islands; therefore, she is deportable under section 241(a)(9) of the Immigration and Nationality Act for failure to comply with the conditions of her nonimmigrant admission.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—immigrants—no visas or other valid entry documents.

Lodged: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with conditions of status—visitors for pleasure to the Virgin Islands under 8 CFR 212.1(b).

ON BEHALF OF RESPONDENT:
Jacob W. Rozinsky, Esquire
150 Broadway
New York, New York 10038

ON BEHALF OF SERVICE
Irving A. Appleman
Appellate Trial Attorney

The cases come forward on appeal from the orders of the special inquiry officer entered May 1, 1968 and April 30, 1968 respectively, granting the respondents the privilege of voluntary departure with the further order if they failed to depart when and as required, they be deported to Trinidad solely on the lodged charge.

The respondents, natives and citizens of Trinidad, females, last entered the United States at Christiansted, Virgin Islands on or about April 26, 1968 and were admitted with nonimmigrant visa waivers pursuant to 8 CFR 212.1(b) to the Virgin Islands until May 7, 1968. Later that same day they proceeded to the City of New York. The respondents have never been admitted to the United States for permanent residence.

824

At the respective hearings, charges were lodged that the respondents were deportable under section 241(a)(9) of the Immigration and Nationality Act, in that after admission as nonimmigrants under section 101(a)(15) of the Act, they failed to comply with the conditions of the nonimmigrant status under which they had been admitted. The record establishes that when respondents entered the United States at Christiansted, Virgin Islands they did not have nonimmigrant visas. The respondents' admission at Christiansted, Virgin Islands was under a waiver of nonimmigrant visas pursuant to 8 CFR 212.1(b) which provides:

A visa is not required of a British, French, or Netherlands national, or a national of Jamaica, Trinidad and Tobago or Barbados, who has his residence in British, French, or Netherlands territory located in the adjacent islands of the Caribbean area, or in Jamaica, Trinidad and Tobago or Barbados, for admission or stay in Puerto Rico, the Virgin Islands of the United States, or as an agricultural worker in the United States.[1]

When the respondents were admitted to the Virgin Islands they were nationals and residents of Trinidad. The nonimmigrant waiver contained in 8 CFR 212.1(b) was limited or circumscribed for admission or temporary stay in Puerto Rico, the Virgin Islands, or as an agricultural worker in the United States. The respondents instead proceeded immediately to the continental United States, thereby failing to comply with the limited conditions of the temporary status under which they had been admitted to the Virgin Islands. Accordingly, they are deportable on the lodged charge.

Reference has been made to the provisions of 22 CFR 41.5(c) which exempts a nonimmigrant from the requirement of passport, visas, and border-crossing identification cards in the case of:

An alien who shall leave Guam, Puerto Rico, or the Virgin Islands of the United States and seeks to enter the continental United States or any other place or jurisdiction of the United States.

The waiver provided in 22 CFR 41.5(c) would not appear to apply to the instant respondents who are nationals and residents of Trinidad and were granted a waiver of the nonimmigrant documentary requirements by 8 CFR 212.1(b) (also 22 CFR 41.6(b)) for the limited purpose as set forth in that regulation and have failed to comply with the conditions of the status under which they entered the Virgin Islands (or Puerto Rico). The waiver was not effective for entry into the United States under the circumstances of the case.

The respondents have been granted the privilege of voluntary departure. They did not apply for any other form of discretionary relief.

---

[1] See also 22 CFR 41.6(b).

They will be granted an additional 30 days from date of decision in which to depart.

**ORDER:** It is ordered that the respondents be granted 30 days from date of this decision to depart voluntarily, the other conditions of the orders of the special inquiry officers to remain in full force and effect.

*It is further ordered* that the appeals be and the same are hereby dismissed.